**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ROBERT L. MERIWETHER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:19-CV-285 (MTT)** |
| | ) | |
| **JESSICA BATTLE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting Defendant Jessica Battle's motion for summary judgment.  Doc. 39.  Plaintiff Robert Meriwether has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Meriwether's objections and made a de novo determination of the portions of the Recommendation to which he objects.  Meriwether makes three arguments why the Recommendation should not be adopted by the Court.  Doc. 40.

First, Meriwether argues that he did not consent to the Magistrate Judge ruling on any proceedings and "therefore any order made by the Magistrate Judge should be dismissed and not accepted."  *Id*. at 1.  However, Meriwether's consent was not required for the Magistrate Judge to issue a Recommendation.  28 U.S.C. § 636(b)(1) states that a magistrate judge may be designated to submit "recommendations for the disposition" of motions for summary judgment.  28 U.S.C. 636(b)(1)(A)-(B).  Moreover, Local Rule 72 states that magistrate judges in this district are authorized to conduct proceedings in prisoner § 1983 cases and to submit Recommendations on dispositive

pretrial matters.  M.D. Ga. L.R. 72.  Accordingly, Meriwether's consent was not needed

for the Magistrate Judge to submit a Recommendation on Battle's motion for summary

judgment.

Second, Meriwether argues that there are genuine issues of material fact, and

thus summary judgment is inappropriate.  Doc. 40 at 1-2.  However, Meriwether

appears to be merely disagreeing with the Magistrate Judge's *conclusion* drawn from

facts that are not in dispute.  For example, Meriwether argues that summary judgment

should be denied because Battle did not refer him to a specialist from February 2016 to

August 2016, despite his medical condition not improving.  Doc. 40 at 2.  This is not

disputed, and the Magistrate Judge thoroughly addressed why this fact, viewed in the

light most favorable to Meriwether, does not preclude Battle's motion for summary

judgment.  Doc. 39 at 5-6.

Finally, Meriwether argues that the Recommendation should not be accepted

because in extreme cases, courts have acknowledged that "bad judgment by medical

personnel can constitute deliberate indifference."  Doc. 40 at 3 (citing *Adams v. Poag,*

61 F.3d 1537, 1543-44 (11th Cir. 1995); *Greeno v. Daley*, 414 F.3d 645, 655 (11th Cir.

2005)).  Meriwether is correct; the Eleventh Circuit has held that when a prisoner

receives medical treatment only extreme cases of incompetence may result in

deliberate indifference.  *Hoffer v. Sec'y, Fla. Dep't of Corrs*., 973 F.3d 1263, 1270 (11th

Cir. 2020) ("With respect to prisoners' medical care, in particular, we have held that the

Eighth Amendment doesn't require it to be perfect, the best obtainable, or even very

good.  Rather, we have emphasized, medical treatment violates the Eighth Amendment

only when it is so grossly incompetent, inadequate, or excessive as to shock the

conscience or to be intolerable to fundamental fairness.") (internal quotation marks and citations omitted).  Here, Meriwether cannot establish that Battle's treatment was so incompetent or was so inadequate that it "shocks the conscience" or that it is "intolerable to fundamental fairness."  *Id.*

In conclusion, the Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 39) is **ADOPTED** and made the order of the Court. Accordingly, Battle's motion for summary judgment (Doc. 30) is **GRANTED**.

**SO ORDERED**, this 3rd day of June, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT